FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DATE: **December 21, 2018**
TIME: <u>12:45 p.m.</u>
CLERK'S OFFICE
AT GREENBELT
BY DEPUTY: <u>KLS</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. |
| SHIRA UZAN, <br> a/k/a "Shira Baror" and <br> "Emily Laski" | * |
| Defendant | * |

*********

## SEALED SUPPLEMENT TO PLEA AGREEMENT

This Sealed Supplement supplements and completes the plea agreement dated [INSERT DATE], 2018 between the U.S. Department of Justice, Criminal Division, Fraud Section (hereinafter "this Office") and the Defendant, Shira Uzan (hereinafter "Defendant"), and is incorporated by reference into the above-referenced plea agreement. In addition to the understandings and undertakings agreed upon in that letter, this Office and the Defendant further agree as follows:

### Obligations of Defendant

1.  The Defendant agrees to cooperate with this Office on the following terms and conditions:

    a.  The Defendant shall fully and truthfully respond to all questions put to the Defendant by federal law enforcement authorities and other designated law enforcement officers. The Defendant shall fully and truthfully disclose to the government all information with respect to the Defendant's activities and the activities of others concerning all matters as to which the government may inquire. The Defendant shall promptly turn over to the government any documents or other tangible evidence in the Defendant's possession or under the Defendant's control that are in any way relevant to any such matters. The Defendant agrees that the Statement of Facts is limited to information sufficient to support the guilty plea. The Defendant has provided or will provide more detailed facts in the course of the debriefings contemplated by this paragraph.

    b.  The Defendant shall cooperate completely with federal law enforcement authorities and any other law enforcement agency designated by this Office in any matter as to which the Defendant's cooperation may be required. The Defendant shall comply with any and all reasonable instructions from such authorities with respect to the specific assistance to be provided.

    c.  In connection with criminal investigations by federal law enforcement authorities, the Defendant shall act in an undercover capacity to the best of the Defendant's ability,

including allowing such authorities to monitor and record conversations with persons who are believed to be engaged in criminal conduct. The Defendant will comply fully with all reasonable instructions and directions of law enforcement authorities in this connection. Any such assistance the Defendant may provide to federal criminal investigators must be pursuant to the specific instructions and control of this Office and designated investigators.

        d.      The Defendant shall testify fully and truthfully before grand juries and at any trial and other court proceeding with respect to any matters about which this Office may require the Defendant's testimony.

        e.      The Defendant shall bring to this Office's attention all crimes that the Defendant has committed, and all proceedings, investigations, or prosecutions in which the Defendant knows the Defendant has been or is a subject, target, party, or witness.

        f.      The Defendant shall not commit any offense in violation of federal, state, or local law between the date of this Agreement and the Defendant's sentencing in this case, and shall not violate any regulation of the institution in which the Defendant is detained or any condition of release.

        g.      To the extent that counsel is not present during the course of the Defendant's cooperation, the Defendant knowingly and expressly waives the right to have counsel present during communications with federal, state, and local law enforcement authorities. This Office will afford the Defendant's counsel an opportunity to be present for any communications that the Defendant has with such law enforcement authorities.

Immunity

2.      In order to permit the Defendant to make disclosures to the Government under this Agreement, any information and documents that the Defendant fully and truthfully discloses to the Government during the course of cooperation pursuant to this Agreement will not be used against the Defendant, directly or indirectly, by this Office in any federal criminal case, except as set forth below.

Obligations of the Criminal Division, Fraud Section

3.      If the Defendant fully complies with all of the terms of this Agreement and this Sealed Supplement, then in connection with the Defendant's sentencing, this Office will inform the Probation Office and the Court of: (i) the nature and extent of the Defendant's cooperation; and (ii) all other information with respect to the Defendant's background, character, and conduct which this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment that this Office has agreed to dismiss at sentencing.

4.      If this Office determines that the Defendant has provided substantial assistance in an investigation or prosecution of others, and if the Defendant has fully complied with all obligations under this Agreement and this Sealed Supplement, this Office may make a motion, pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), if appropriate, requesting that the Court

sentence the Defendant in light of the advisory factors set forth in § 5K1.1(a)(1)-(5) and requesting a downward departure. The Court is authorized to grant such a downward departure pursuant to 18 U.S.C. § 3553(e). This Office shall have sole discretion in determining whether the Defendant has provided such substantial assistance and, therefore retains sole discretion in determining whether to make any motion pursuant to § 5K1.1 and/or 18 U.S.C. § 3553(e). The parties understand that this Office's determination whether the Defendant has provided substantial assistance is not reviewable by the Court, unless the determination to withhold a motion pursuant to § 5K1.1 and/or 18 U.S.C. § 3553(e) is made for an unconstitutional reason such as the Defendant's race or religion. This Office is not obligated to use the Defendant's cooperation or assistance in any matter. This Office need not prove a breach of this Agreement in order to decline to make a motion pursuant to § 5K1.1 and/or 18 U.S.C. § 3553(e). This Office's determination whether the Defendant has provided substantial assistance will not depend in any way on the outcome of any trial or other proceeding. If this Office makes a motion for a departure under § 5K1.1 and/or 18 U.S.C. § 3553(e), the Defendant is not bound by the departure level recommended by this Office. The Defendant understands that should this Office determine that the Defendant has not provided substantial assistance in an investigation or prosecution, such a determination will release this Office from any obligation to make a motion pursuant to § 5K1.1 or 18 U.S.C. § 3553(e), but will not entitle the Defendant to withdraw the Defendant's guilty plea once it has been entered. It is understood that, even if such a motion is made, the sentence to be imposed on the Defendant remains within the sole discretion of the Court.

5. At the time of sentencing, this Office will be free to recommend any sentence that is reasonable under the applicable factors set forth in 18 U.S.C. § 3553(a). At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Breach and Remedies for Breach

6. The Defendant will be in breach of this Sealed Supplement if any of the following occurs: (i) if the Defendant commits any further crimes; (ii) if the Defendant has knowingly withheld information, given false, incomplete, or misleading testimony or information, falsely implicated an innocent person in the commission of a crime, exaggerated the involvement of any person in the commission of a crime in order to appear cooperative, or falsely minimized the involvement of any person (including the Defendant) in the commission of a crime; (iii) if the Defendant has engaged in conduct after the date of this Agreement that would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1; (iv) if the Defendant has failed to accept personal responsibility for the Defendant's conduct by failing to fully acknowledge guilt to the probation officer who prepares the Presentence Report or to the Court; (v) if the Defendant moves to withdraw from any portion of this Agreement, including a motion to withdraw from the guilty plea; or (vi) if the Defendant otherwise fails in any way to fulfill completely each and every one of the Defendant's obligations under this Agreement and the Sealed Supplement.

7. Whether or not the Defendant has violated the terms of this Sealed Supplement shall be determined by the Court in an appropriate proceeding at which all of the Defendant's disclosures and documents shall be admissible and at which this Office shall be required to establish a breach by a preponderance of the evidence.

8. If the Court finds a breach, then this Office will be released from its obligations under this Agreement and may recommend to the Court any sentence that this Office considers appropriate, up to and including the maximum possible sentence. In addition, the Defendant shall be subject to prosecution by this Office for any federal criminal violation of which this Office has knowledge, including but not limited to perjury, false declaration, false statement and/or obstruction of justice, and the offenses charged in the other counts of the Indictment that would otherwise have been dismissed at sentencing. Further, this Office may use as evidence in any criminal proceeding all statements made by the Defendant to this Office or other designated law enforcement agents, any testimony given by the Defendant before a grand jury or other tribunal, and any documents or other tangible evidence provided by the Defendant, whether prior to or subsequent to the signing of this Agreement, and any leads therefrom. The Defendant shall assert no claim that such statements or any leads therefrom should be suppressed. Additionally, this Office may bring any such prosecution against the Defendant that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Sealed Supplement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Sealed Supplement is signed.

9. The Defendant understands and agrees that the Defendant shall not be relieved of the obligations under this Agreement and this Sealed Supplement or permitted to withdraw from the guilty plea solely because this Office is relieved of any or all of its obligations under this Agreement and the Sealed Supplement.

### No Protection from Certain Prosecutions

10. Nothing in this Sealed Supplement shall be construed to protect the Defendant in any way from prosecution for perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001; obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, 1510, or 1512; or any other offense committed by the Defendant after the date of this Agreement. The information and documents that the Defendant discloses to the government pursuant to this Agreement may be used against the Defendant in any such prosecution.

### Sentencing May Be Deferred

11. The Defendant waives and agrees to waive any rights under the Speedy Trial Act, and understands that sentencing may be delayed until any cooperation has been completed so that at sentencing the Court will have the benefit of all relevant information. The Defendant hereby consents to such postponements of sentencing as may be requested by this Office.

AGREED:

                SANDRA MOSER
                Acting Chief, Fraud Section
                U.S. Department of Justice, Criminal Division

                By: _____
                Laura Connelly, Trial Attorney
                Ankush Khardori, Trial Attorney
                Tracee Plowell, Assistant Chief

    I have read this Sealed Supplement and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8·12.18                        Shira Uzan
_____                       _____
Date                           Shira Uzan
                              Defendant

    I am the Defendant's attorney. I have carefully reviewed every part of this Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

12/8/18                        Randy Sue Pollock
_____                       _____
Date                           Randy Sue Pollock Esq.